**Stanislav LEVIN, Plaintiff–Appellant,**

v.

**CREDIT SUISSE INC., Metropolitan Life Insurance Company, AON Hewitt, Inc., Defendants–Appellees.**

No. 14–397–cv.

United States Court of Appeals, Second Circuit.

Sept. 5, 2014.

Harriette N. Boxer, New York, NY, for Appellant.

Melissa D. Hill (Ira G. Rosenstein, on the brief), Morgan, Lewis & Bockius LLP, New York, NY, for Appellee Credit Suisse Inc. and AON Hewitt, Inc.

Michael H. Bernstein (Matthew P. Mazzola, on the brief), Sedgwick LLP, New York, NY, for Appellee Metropolitan Life Insurance Company.

PRESENT: JOHN M. WALKER, JR., RICHARD C. WESLEY, Circuit Judges and JOHN F. KEENAN, District Judge.*

## SUMMARY ORDER

Stanislav Levin ("Levin") appeals from two orders of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge* ), dated February 3, 2014, denying Levin's motion for reconsideration and denying Levin's motion seeking leave to amend the complaint. Prior to ruling on these motions, on March 19, 2013, the district court granted Defendants–Appellees' motions to dismiss the entirety of Levin's Second Amended Complaint ("SAC"), which alleges various violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002 *et seq.,* arising out of Metropolitan Life Insurance Co.'s ("MetLife") denial of Levin's application for long-term disability benefits. The district court dismissed Levin's claim on two alternative grounds: (1) Levin failed to plead detrimental reliance, and (2) Levin sought remedies that were unavailable under ERISA. Levin does not appeal the underlying order of dismissal.

We review the denial of a motion to reconsider for abuse of discretion. *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir.2012). A court abuses its discretion when its decision rests on a legal error or a clearly erroneous factual finding, or when its decision does not fall within the range of permissible decisions. *RJE Corp. v. Northville Indus. Corp.,* 329 F.3d 310, 316 (2d

---

* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

Cir.2003). Here, the district court did not abuse its discretion in finding that Levin did not satisfy the standard for reconsideration because all of his arguments for reconsideration were directed only to the first basis for the district court's dismissal of his complaint. We affirm the denial of Levin's motion for reconsideration because the court was well within its discretion to find that the motion to dismiss should stand on the alternative and independent basis that Levin sought remedies that were unavailable under ERISA, a ground that Levin did not challenge in his motion for reconsideration.

We review the denial of a motion seeking leave to amend for abuse of discretion. *City of N.Y. v. Grp. Health Inc.*, 649 F.3d 151, 156–57 (2d Cir.2011). The district court denied Levin's leave to amend on the grounds that Levin already had three opportunities to adequately plead his case, that he received letters from Defendants–Appellees explaining the deficiencies in his SAC and nonetheless chose to stand on his pleadings, and that Levin's delay in seeking to replead until after Defendants had fully briefed their motions and the district court had rendered its decision prejudiced Defendants–Appellees. We affirm the denial of Levin's motion for leave to amend for substantially the reasons stated in Judge Sullivan's thorough and well-reasoned order.

We have considered Levin's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**